DECISION
This appeal concerns certain personal income tax matters for the 2007 tax year. At issue are certain child care expenses claimed on Plaintiffs' Oregon tax return. Plaintiffs appeal from Defendant's Notice of Deficiency Assessment dated September 12, 2008.
A trial was held on May 20, 2009. Elizabeth Moua (Moua) testified for Plaintiffs; James Carter, tax auditor, represented Defendant. Subsequently, written submissions were filed. The record closed August 4, 2009.
 I. STATEMENT OF FACTS
Plaintiffs worked primarily as service providers in the restaurant and bar business during 2007. They have three children. Plaintiffs' work schedules often required them to retain child care providers. During that year they claimed $4,800 in related child care expenses. (Compl at 6.) The issue raised in the Complaint is how much was actually paid to providers for childcare.
Moua testified that the child care provider's name is Rachel Poot and that she is her sister. She was paid in cash; receipts were not always issued at time of payment. The sources for payments were the cash tips received at Plaintiffs' individual workplaces. The provider did not provide sworn testimony or participate in the trial. *Page 2 
As part of Plaintiffs' trial presentation, Moua offered a very rough estimate of what amount of tips Plaintiffs may have earned during a typical work week. Later, in written submissions she repudiated those estimates. (Ptfs' Ltr at 1-2, July 9, 2009.) Moua provided written "tip records" from 2007 employers to bolster her claim. (Id.) Defendant's auditor has used those estimates as a basis to request the court increase the 2007 tax due. (Def's Final Recommendation at 2.) This, he argues, is rooted in income that was not declared on the tax return. (Id.)
 II. ANALYSIS
Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[1] That credit is commonly referred to as the working family credit (WFC). The statute provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316
equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."
ORS 315.262(2).
In addition to the WFC, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is commonly referred to by the short title "child care credit" (CCC). The CCC is specifically tied to Internal Revenue Code (IRC) section 21, the pertinent language being that the amount of the credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue *Page 3 
Code * * *." ORS 316.078(1). IRC section 21(a)(1), in turn, provides for a partial credit for "employment-related expenses * * * paid by such individual during the taxable year."[2]
To receive either credit, a taxpayer must pay for child care, and the care must be necessary to enable the taxpayer to work (or, in the case of the WFC, attend school). Plaintiffs claimed both a CCC and WFC. Defendant disallowed both credits for what it deemed a lack of adequate substantiation.
In CCC and WFC cases, where payment is made in cash and the provider is a friend or relative of the taxpayer, the sworn testimony of the child care provider is critical. Bello v. Dept. of Rev., TC-MD No 060020B, WL 1460903 (May 8, 2007); Marks v. Dept. of Rev. (Marks), TC-MD No 070124E, WL 1452000 (May 11, 2007); Rodriguez v. Dept. of Rev., TC-MD No 050651C, WL 2614534 (Oct 12, 2005). These cases turn on a question of fact, hinging on the credibility of Plaintiffs and the provider. The difficulty here is the missing provider and what she might say under oath.
In Marks, the taxpayers were denied the credit for failure to meet the statutory burden of proof required by ORS 305.427. Marks, WL 1452000 at *2. The taxpayers paid cash for the alleged child care expenses and had no receipts or canceled checks. Id. at *1. They reported substantial child care payments ($13,000). Id. However, the testimony about those payments was vague ("`about $100 or $200' per week") and the alleged provider not only failed to testify, but was unavailable to Defendant prior to trial for any confirmation. Id. at *1, 2. The taxpayers did have a letter from the alleged provider. Id. at *2. The court ruled that a provider letter, by itself, was insufficient evidence to satisfy the statutory burden of proof. Id. In such cases, stated the court, the provider should testify. Id. *Page 4 
As to Defendant's request to substantially increase the tax due, the court is reluctant to take such serious measures based primarily on an estimate given verbally without the benefit of records, calendars and logs. This is especially true when the later estimate is repudiated by the declarant and supported by written documents. Certain other deductions were mentioned after the trial was concluded; they were not discussed in detail by the parties during the proceedings. Some line items were in Plaintiffs' favor; others were not.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence * * *." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260,265, 798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied.
 III. CONCLUSION
Based on the evidence, there shall be no change from the original 2007 Notice of Deficiency Assessment dated September 12, 2008. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is hereby denied.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. *Page 5 
 This Decision was signed by Magistrate Jeffrey S. Mattson on March 4,2010. The court filed and entered the Decision on March 4, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] All references to the Internal Revenue Code (IRC) are to the 1986 code, and include updates applicable to 2007. *Page 1